RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0055P (6th Cir.)
File Name: 01a0055p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*

REAL PROPERTY IN SECTION
9, TOWN 29 NORTH, RANGE 1
WEST TOWNSHIP OF
CHARLTON, OTSEGO COUNTY,
MIGHIGAN, et al.,
          *Defendants,*

DANIEL S. GAHAGAN,
MICHAEL J. GAHAGAN,
AGNES RIDDLE-GAHAGAN,
          *Claimants-Appellants.*

No. 98-2261

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 87-10338—Robert H. Cleland, District Judge.

Argued: May 2, 2000

Decided and Filed: March 1, 2001

Before: MERRITT, JONES, and CLAY, Circuit Judges.

1

---

**COUNSEL**

---

**ARGUED:** Daniel S. Gahagan, LAW OFFICE OF DANIEL S. GAHAGAN, Avon, Colorado, for Appellants.  Janet L. Parker, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.  **ON BRIEF:** Daniel S. Gahagan, LAW OFFICE OF DANIEL S. GAHAGAN, Avon, Colorado, for Appellants.  Janet L. Parker, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

---

**OPINION**

---

MERRITT, Circuit Judge.  This is an appeal from summary judgment for the government in a civil forfeiture action of real property under 21 U.S.C. § 881(a)(6) and (a)(7) relating to illegal drug activity.  Because we find that intervening federal legislation, which raised the government's burden of proof to prove forfeiture of the property, may affect the outcome of this case and that the new legislation is applicable to this case, we remand to the district court for further proceedings.

The government brought a civil forfeiture action against property in the possession of claimants, Daniel and Michael Gahagan and their mother, Agnes Riddle-Gahagan, after Daniel and Michael pled guilty to federal marijuana and hashish charges.[1]  The original action identified five pieces of land in Otsego County, Michigan, that might be subject to forfeiture.  After numerous cross-motions, the district court granted summary judgment to the government on two pieces of property (known as parcels C and D) and those are the only

---

[1] The criminal convictions were affirmed in a separate appeal and are not at issue here.  *United States v. Gahagan*, 865 F.2d 1490 (6th Cir. 1989).

---

*Shifting Burdens of Proof in Civil In Rem Forfeiture*, 86 Ky. L.J. 711, 715 (1997/98); Leonard A. Levy, *A License to Steal: The Forfeiture of Property* (1996).

Neither is there any "manifest injustice" in applying the new statute to this case – to the contrary, it seems to us that it would be manifestly unjust *not* to apply the new standard to this case.  The Supreme Court stated that in determining whether application of the law in effect would result in "manifest injustice" requires a court to consider three things: "(a) the nature and identity of the parties, (b) the nature of their rights and (c) the nature of the impact of the change in law upon those rights." *Bradley*, 416 U.S. at 716.  This is not a case between two private parties where the expectations of one party may be upset by application of a new rule to a pending case.  There is no injustice to the government.  The legislation may benefit claimants, who now stand to lose valuable assets to the government that they may never reclaim.  Furthermore, claimants raised the burden-of-proof issue at the beginning of the civil forfeiture proceeding and continued to assert that the old rule was unfair at every opportunity throughout this proceeding.  Congress has now agreed with them and these claimants should be afforded the benefits of the new law.

In conclusion, the considerations militating against retrospective application are not present in this case.  The legislation in no way alters the effect given to conduct before the change.  For the foregoing reasons, the judgment of the district court is reversed and the case is remanded to The Honorable Victoria A. Roberts of the Eastern District of Michigan, Bay City, for further proceedings applying the new forfeiture statute to this case.

to govern secondary, not primary, conduct, meaning that, even if a party had known of a procedural change in advance, it would not have changed its conduct prior to the lawsuit. *Landgraf*, 511 U.S. at 275. The dangers that the rule against retrospective application of statutes guards against are not generally present when the new legislation is remedial in nature and is designed to rectify an unfairness to an individual vis-a-vis the government.

The change to the burden of proof instituted by the new statute meets the *Landgraf* test for application to pending cases. It would not take away any vested rights possessed by either party, increase liability or attach new legal consequences to past conduct. The new law does not present new or unanticipated obligations for either party. The rationale underlying the rule against retroactive application – that the imposition of new burdens after-the-fact would be unfair – is absent.

Most significantly, as its title implies -- Civil Asset Forfeiture *Reform* Act -- the legislation is primarily remedial in nature. It is specifically designed to rectify an unfairness to the individual vis-a-vis the government. It corrects an aberration that existed previously by leveling the playing field between the government and persons whose property has been seized. Here, the legislation raises the government's burden of proof in civil forfeiture actions to the burden normally borne by the plaintiff in a civil case – preponderance of the evidence. The legislation corrects a provision in the law that had been criticized repeatedly by the courts and legal commentators. *See, e.g., United States v. Four Contiguous Parcels of Real Prop.*, Nos. 98-5292/5317, 191 F.3d 461, 1999 WL 701914, at **8 (6th Cir. Sept. 1, 1999) (Clay, J., dissenting) (19 U.S.C. § 1615 violates the Due Process Clause), *cert. denied*, 121 S. Ct. 32 (2000); *United States v. $49,576 U.S. Currency*, 116 F.3d 425 (9th Cir. 1997); *United States v. Daccarett*, 6 F.3d 37, 44-47 (2d Cir. 1993); Note, *Civil Forfeiture and the Excessive Fines Clause*, 11 U. Fla. J.L. & Pub. Pol'y 203 (Spring 2000); Note, *Exactly How Much Process Is Due? The Federal Courts Grapple with the*

two parcels at issue on appeal. It also rejected Agnes Gahagan's innocent owner defense and found that the mortgage she held on parcel D should not bar forfeiture.

One of the primary arguments raised by claimants below and on appeal concerns the unconstitutionality of the burden-shifting analysis found in the forfeiture statute in effect when the district court rendered its decision. 19 U.S.C. § 1615.[2] Under the old statutory scheme, once the government made a showing of probable cause, the burden shifted to the claimant to prove by a higher standard of evidence – preponderance of the evidence – that forfeiture is not required. If the claimant had set forth evidence only equal to the government's – that is, probable cause – the government prevailed and the property was lost. Claimants maintain that the lower burden of proof on the government coupled with the heightened burden of proof on claimant violates the Due Process Clause.

Congress passed remedial legislation on April 25, 2000, one week before oral argument was heard in this case, that significantly alters the standards and procedures applicable to civil forfeiture proceedings. Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202, 18 U.S.C. § 983 (2000). Of particular relevance to this appeal, the new legislation changes and raises the government's burden of proof by requiring the government "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 114 Stat. *205-06. The statute states that it applies, with one exception not relevant here, to forfeiture proceedings "commenced on or after the date that is 120 days

---

[2]The former statute provided:

In all suits or actions . . . brought for [ ] forfeiture . . . where the property is claimed by any person, the burden of proof shall lie upon such claimant . . .; Provided, That probable cause shall first be shown for the institution of such suit or action, to be judged by the court. . . .

19 U.S.C. § 1615.

after the date of enactment of this Act," which was August 23, 2000. *Id.* \*225.

No definition is given of what it means for forfeiture to be "commenced." Does this mean seizure of the property, the filing of a document in court, a finding of probable cause, the establishment of a preponderance of the evidence or some other act by the government or the court? Because forfeiture does not occur until a court acts, does it mean that forfeiture is not "commenced" until the court finally allows the forfeiture to take place – at which time the actual forfeiture "commences?" The new act says it is applicable to "any forfeiture proceeding commenced" 120 days after enactment. Does an appellate proceeding qualify?

Because the new legislation bears directly on a primary issue in the case, the panel directed the parties to file letter briefs on the question of whether it should apply to pending cases. The government, here represented by the United States Attorney's Office in Bay City, Michigan, responded in its brief that, under the plain language of the statute, the legislation is not to be applied to pending cases. The claimants stated in their brief that they had received information from the United States Attorney's Office in Denver, Colorado, which is not the United States Attorney's Office in charge of this case, that the position of the United States Department of Justice is that the courts could proceed on a case-by-case basis concerning applicability of the legislation to pending cases.

The Supreme Court has stated that "even where the intervening law does not explicitly recite that it is to be applied to pending cases, it is to be given recognition and effect." *Bradley v. School Bd. of Richmond*, 416 U.S. 696, 714 (1974)*. Accord Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994) ("Even absent specific legislative authorization, application of new statutes passed after the events in the suit is unquestionably proper in many situations."). Because the statute does not explicitly state

whether it applies to pending cases, the case law on the subject controls.

We are guided by *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). *Landgraf* reconciled two different lines of cases. One line of cases holds that a court must apply the law in effect at the time it renders its decision. *See, e.g., Bradley*, 416 U.S. at 711 ("[A] court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary.") The other line of cases holds that retroactivity of new statutes is not favored under the law. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988).

*Landgraf* explained that the two lines of cases were not inconsistent. *Landgraf* directed that a court should not apply a new statute to conduct arising before passage of the legislation if a "new provision attaches new legal consequences to events completed before enactment," 511 U.S. at 269-70, or "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280. The Court explained that the primary reason for the rule against retroactivity is grounded in fairness, which dictates that individuals have an opportunity to know the law and to conform their conduct accordingly.

Generally, when a statute is addressed to remedies or procedures and does not alter substantive rights, it will be applied to pending cases. *Landgraf*, 511 U.S. at 275; *United States v. Certain Funds Contained in Account Nos. 600-306211-006, 600-306211-011 and 600-306211-014*, 96 F.3d 20, 23-24 (2d Cir. 1996) (applying to a pending case an amendment to the civil forfeiture statute providing federal courts with jurisdiction to res located overseas); *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037 (9th Cir. 1985) (change in statute of limitations to benefit of plaintiff given retrospective effect); *see also* 2 Sutherland, *Statutes and Statutory Construction* § 41.04 (Sands 5th ed. 1993). In *Landgraf*, the Supreme Court stated that procedural rules tend