UNITED STATES of America, Plaintiff–Appellee,

Alexandra Sandoval; Ramon Rios Milanez, Claimants– Appellants,

v.

$80,180.00 in U.S. CURRENCY; $10,836.00 in U.S. Currency; VIN# 2C3ED46F8RH Chrysler 1994 New Yorker, VIN# 2C3ED46F8RH161870, Ca. Lic. No. 4CQR665, its tools and appurtenances; 250 100 Mexican Peso Bills Totaling $2,316.52 in U.S. Currency, Defendants.

No. 01–55466.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2002.

Filed Sept. 19, 2002.

Richard M. Barnett, San Diego, CA, for the claimants-appellants.

Patrick K. O'Toole, United States Attorney (at time of argument), Carol C. Lam, United States Attorney (when opinion was filed), Rupert A. Linley, Special Assistant United States Attorney, U.S. Attorney's Office, San Diego, CA, for the plaintiff-appellee.

Before: PREGERSON, FISHER and TALLMAN, Circuit Judges.

## OPINION

FISHER, Circuit Judge.

On November 9, 1999, the United States filed a complaint for civil forfeiture of currency seized from the residence of appellants Alexandra Sandoval and Ramon Rios Milanez. *See* 21 U.S.C. § 881(a)(6). On January 25, 2001, the district court granted the government's motion for summary judgment, rejecting appellants' claims to the property. Sandoval and Rios contend that this case should be remanded for reconsideration of the government's summary judgment motion under the heightened burden of proof established by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). We hold that CAFRA's heightened burden of proof applies to those judicial forfeiture proceedings in which the government files its complaint for civil forfeiture on or after CAFRA's effective date, which is August 23, 2000. Because the government filed its complaint in this case prior to August 23, 2000, the heightened

burden of proof does not apply. Accordingly, we reject appellants' contention.[1]

## I.

Prior to the enactment of CAFRA, the allocation of the burden of proof in civil judicial forfeiture proceedings tilted heavily in the government's favor. The government bore the minimal burden of demonstrating probable cause for instituting the forfeiture proceeding. *See* 19 U.S.C. § 1615; *United States v. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1066 (9th Cir.1994). Once probable cause was established, the burden of proof shifted to the property owner (the claimant), who could avoid forfeiture only by establishing by a preponderance of the evidence that the property was not subject to forfeiture. *See $191,910.00 in U.S. Currency,* 16 F.3d at 1069.

In response to widespread criticism of this regime, *see United States v. Real Property in Section 9,* 241 F.3d 796, 799 (6th Cir.2001), Congress enacted CAFRA. Pub.L. No. 106–185, 114 Stat. 202 (2000) (codified principally at 18 U.S.C. § 983). CAFRA transferred the burden of proof from the claimant to the government and required the government to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard:

> In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. . . .

18 U.S.C. § 983(c)(1).[2]

In section 21 of the Act, Congress provided that CAFRA would apply, with one exception not applicable here, only to forfeiture proceedings commenced on or after the Act's effective date:

> Except as provided in section 14(c), this Act and the amendments made by this Act shall apply to any forfeiture proceeding commenced on or after the date that is 120 days after the date of the enactment of this Act.

Pub.L. No. 106–185, § 21, 114 Stat. at 225 (codified at 8 U.S.C. § 1324 (note)). Because CAFRA was enacted on April 25, 2000, this effective date is August 23, 2000.

■ Relying on the Sixth Circuit's decision in *Real Property in Section 9,* Sandoval and Rios contend that CAFRA's burden of proof provision applies retroactively to this case, which was pending in the district court on CAFRA's effective date. Invoking the general rule that "a court is to apply the law in effect at the time it renders its decision," *Bradley v. School Bd. of Richmond,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), they assert that the district court erred by applying the pre-CAFRA burden of proof and request that we remand this matter to the district court for a determination of whether the government's motion for summary judgment should be granted under CAFRA's heightened burden of proof.

## II.

■ The question presented is whether CAFRA's heightened burden of proof has retroactive effect such that it applies to cases that were pending at the time of CAFRA's effective date. We hold that it does not.

---

**1.** We address appellants' remaining claims in a separately filed memorandum disposition.

**2.** CAFRA also made a number of other remedial reforms, including establishing a comprehensive "innocent owner" defense, *see* 18 U.S.C. § 983(d), that do not concern us here.

■ When deciding whether a statutory provision applies retroactively to pending cases, we look to the text and legislative history of the provision to determine if Congress has manifested a clear intent regarding the scope of a law's applicability. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 261–63, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). If Congress' intent regarding the scope of the new provision's application is clear, it governs. *Id.* at 264, 280, 114 S.Ct. 1483; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 837, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990).

■ Here, Congress has dictated in section 21 that CAFRA's heightened burden of proof applies only to a "forfeiture proceeding commenced" on or after the statute's effective date, which is August 23, 2000. A judicial forfeiture proceeding is commenced when the government files a civil complaint. *See* Fed.R.Civ.P. 3 ("A civil action is commenced by filing a complaint with the court."). A case is pending on a statute's effective date if the case was filed *before* the effective date. Thus, by stating that CAFRA applies only to judicial forfeiture proceedings filed *on or after* the statute's effective date, Congress manifested its clear intent not to apply CAFRA to pending cases.[3]

This conclusion is buttressed by the legislative history. As it passed the House originally, the bill would have applied the heightened burden of proof retroactively to cases pending on the statute's effective date. That version of the legislation stated that the heightened burden of proof applied to all "cases *pending* on the date of" enactment. H.R. 1658, 106th Cong., 1st Sess., § 6(b)(1) (1999), *reprinted in* 145 Cong. Rec. H4858, H4878 (June 24, 1999) (emphasis added). The absence of comparable language in the final Act "cannot realistically be attributed to oversight or to unawareness of the retroactivity issue." *Landgraf*, 511 U.S. at 256, 114 S.Ct. 1483. "Rather, it seems likely that one of the compromises that made it possible to enact the [final] version was an agreement *not* to include the kind of explicit retroactivity command found in" the earlier version. *Id.*[4]

■ We therefore hold that Congress manifested a clear intent to apply CAFRA's heightened burden of proof only to judicial forfeiture proceedings in which the government's complaint was filed on or after August 23, 2000. Congress did not intend to apply the new law to cases filed before but pending on the effective

3. Had Congress intended to apply CAFRA to pending cases, it surely would have used language comparable to section 14(c) of the Act, which states that the provisions of the Act relating to fugitive disentitlement "shall apply to any case pending on or after the date of the enactment of this Act." Pub.L. No. 106–185, § 14(c), 114 Stat. at 219.

4. During debate in the House, several representatives objected to the retroactive application of the burden of proof in the House version. *See, e.g.,* H. Rep. No. 106–192 (1999) (House Judiciary Committee Report on H.R. 1658) (statement of dissenting committee members) (criticizing the retroactive application of the burden of proof provision to pending cases and stating that "[t]his provi-

sion has the potential for reeking [sic] havoc on on-going cases and cases on appeal"); 145 Cong. Rec. H4858, H4867 (June 24, 1999) (amendment in the nature of a substitute to H.R. 1658 offered by Rep. Hutchinson) (offering substitute language eliminating the retroactive application of the burden of proof amendments). Presumably, the elimination of the provision calling for retroactive application of the burden of proof was one of the compromises struck between the House sponsors, Senate sponsors and the Department of Justice and reflected in the final version of the bill. *See* 146 Cong. Rec. S1753, S1759 (Mar. 27, 2000) (remarks of Sen. Hatch) (describing final version as representing an agreement between these parties).

date. Because congressional intent is clear, we need not resort to "judicial default rules" to determine the retroactive scope of the legislation. *See id.* at 280, 114 S.Ct. 1483. Because we disagree with the Sixth Circuit's conclusion that Congress did not offer clear instruction on the scope of CAFRA's reach, we decline to follow its contrary holding that the heightened governmental burden applies to pending cases. *See Real Property in Section 9,* 241 F.3d at 798–800.[5]

■ ■ Our holding is limited to the applicability of CAFRA to *judicial* forfeiture proceedings. We offer no opinion on when other forfeiture proceedings referred to and governed by CAFRA—*see, e.g.,* 18 U.S.C. § 983(e)(2)(B), (e)(2)(B)(i) (referring to the commencement of nonjudicial forfeiture proceedings); *id.* § 983(a)(3)(C)

(referring to the commencement of criminal forfeiture proceedings)—"commence[ ]" for the purposes of CAFRA's applicability under section 21.[6]

The government commenced this judicial forfeiture proceeding when it filed its civil complaint on November 9, 1999, some nine months before the effective date of CAFRA. Accordingly, CAFRA's heightened burden of proof does not apply to this proceeding, including further proceedings on remand with respect to Sandoval's claim to a portion of the currency. We therefore affirm the district court's application of the pre-CAFRA burden of proof.

**AFFIRMED.**

---

5. Our holding that CAFRA does not apply to pending cases is consistent with other courts that have addressed this issue. *See Vereda, Ltda. v. United States,* 271 F.3d 1367, 1371 n. 4 (Fed.Cir.2001) (holding that CAFRA was not applicable to nonjudicial forfeiture "commenced" in 1993); *United States v. Real Property,* 239 F.3d 78, 82 n. 3 (1st Cir.2001) (holding that CAFRA's "innocent owner" defense did not apply to action where judicial forfeiture complaint was filed on February 3, 1998); *United States v. Santiago,* 227 F.3d 902, 906 n. 3 (7th Cir.2000) (holding that CAFRA did not apply to pending appeal where criminal forfeiture did not commence before August 23, 2000); *United States v. $30,006.25 in U.S. Currency,* 236 F.3d 610, 615 (10th Cir.2000) (holding that CAFRA's provision regarding the waiver of sovereign immunity on prejudgment interest did not apply to judicial forfeiture action begun in 1997); *United States v. $100,348.00 U.S. Currency,* 157 F.Supp.2d 1110, 1116 (C.D.Cal. 2001) (holding that CAFRA's burden of proof did not apply to judicial forfeiture action filed on August 22, 2000). *But see Real Property in Section 9,* 241 F.3d at 800 (reversing summary judgment in favor of government in judicial forfeiture action, holding that CAFRA's burden of proof applies retroactively and remanding to district court to apply CAFRA

standard); *United States v. 5 S 351 Tuthill Road,* 233 F.3d 1017, 1026 n. 2 (7th Cir.2000) (reversing summary judgment which had been granted in the government's favor in judicial forfeiture proceeding and leaving to the district court's discretion whether to apply CAFRA's new burden of proof on remand). The Tenth Circuit has held that, where the court of appeals remands for a new trial, the new trial might constitute commencement of a forfeiture proceeding within the meaning of section 21, such that the heightened burden of proof might be applied to the new trial. *United States v. Lot Numbered One,* 256 F.3d 949, 957 (10th Cir.2001). Our decision today forecloses that possibility in this Circuit.

6. The legislative history suggests that a nonjudicial forfeiture proceeding is commenced when the government first provides the notice that is required by 18 U.S.C. § 983(a)(1)(A) to potential claimants. *See* 146 Cong. Rec. H2040, H2051 (Apr. 11, 2000) (remarks of Rep. Hyde) ("For purposes of the effective date provision [section 21], the date on which a forfeiture proceeding is commenced is the date on which the first administrative notice of forfeiture relating to the seized property is sent.").