**UNITED STATES of America,**
**Plaintiff,**

v.

**1985 GULFSTREAM COMMANDER 1000 AIRCRAFT, MODEL 695A, SERIAL NUMBER 96080, UNITED STATES REGISTRATION NUMBER N960AC; and Aircraft engine, model number TPE 331–10–511K, part number 3102190–2, serial number P–38337, Defendants.**

No. CV–01–763–PHX–JAT.

United States District Court,
D. Arizona.

May 13, 2003.

Reid Charles Pixler, U.S. Attorney's Office, Phoenix, AZ, for U.S.

Lawrence A Hammond, Maureen Beyers, Osborn Maledon PA, Phoenix, AZ, Alan S. Fine, Fine & Martinez, Coral Gables, FL, for Asia Cargo & Trading, Co., SA, Asia Cargo Trading of U.S.A.

## ORDER

TEILBORG, District Judge.

Pending before the Court are the following three motions: (1) the Motion for Partial Summary Judgment on FAA Counts Against Engine (Doc. #103) filed by Claimants Asia Cargo & Trading Co., S.A. ("Asia Cargo Panama") and Asia Cargo & Trading of U.S.A., Inc. ("Asia Cargo Florida"); (2) Claimants' Motion to Strike October 24, 2002 Affidavit of Patrick E. Dawson (Doc. #117); and (3) Plaintiff United States of America's Motion to Supplement Affidavit of Patrick E. Dawson (Doc. #122). For the reasons set forth below, the Court will grant the Motion for Partial Summary Judgment and deny the Motion to Strike and the Motion to Supplement as moot.

## Background

### I. THE SEIZURE OF DEFENDANT PROPERTIES

This *in rem* forfeiture action arises out of Plaintiff's seizure of (1) Defendant 1985 Gulfstream Commander 1000 aircraft, model 695A, serial number 96080, United States registration number N960AC ("Airplane"), which was seized in Oklahoma pursuant to a federal warrant on February 22, 2001, and (2) Defendant turboprop aircraft engine, model number TPE 331–10–511 K, part number 3102190–2, serial number P–38337 ("Engine"), which allegedly is the original port or left engine on the Airplane and which was seized apart from the Airplane in Arizona pursuant to a federal warrant on March 5, 2001 (collectively, "Defendant Properties"). (*See* First Am. Verified Compl. (Doc. #42)).

### II. PLAINTIFF'S FORFEITURE CLAIMS

Plaintiff alleges that the true owner of Defendant Properties is Luis Guillermo Angel Restrepo, a Columbian resident. (*Id.*). In the operative Complaint, Plaintiff alleges a complex money laundering operation and conspiracy to distribute illegal drugs directed by Restrepo. (*Id.*). More specifically, the Complaint asserts seven claims for the forfeiture of Defendant Properties, including the Fifth and Sixth Claims: (1) pursuant to 49 U.S.C. §§ 46306(d)(1) and (2)(B), the Drug Enforcement Agency ("DEA") may seize and forfeit an *aircraft* whose use is related to a violation of 49 U.S.C. § 46306(b)(3), which prohibits a person from knowingly and willfully displaying or causing to be displayed on an aircraft a mark that is false or misleading about the aircraft's nationality or registration; and (2) pursuant to 49 U.S.C. §§ 46306(d)(1) and (2)(C)(i) and (ii), the DEA may seize and forfeit an *aircraft* whose use is related to a violation of 49 U.S.C. § 46306(b)(4), which prohibits a person from knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious, or fraudulent statement when obtaining a certificate issued under 49 U.S.C. §§ 44102 and 44103 *et seq.* (*Id.* ¶¶ 257–58). Plaintiff claims that Defendant *Engine* is subject to forfeiture for registra-

tion violations under Section 46306(d) because it is "original equipment" and a "component part" of Defendant Airplane. (*Id.*).

## III. THE CLAIM NOTICES FILED BY ASIA CARGO FLORIDA AND PANAMA

On June 21, 2001, Asia Cargo Florida filed a Verified Notice of Claim (Doc. # 8) to Defendant Properties that provides, in pertinent part: "Claimant is the sole title owner of the aircraft and engine which have been named as the Defendants in the above-styled action[.]" (Notice ¶¶ 1–2). Asia Cargo Panama also filed a Verified Notice of Claim (Doc. # 9) to Defendant Properties that provides, in pertinent part: "Claimant is the beneficial owner of the Defendant properties with the right to receive and distribute the proceeds from Asia Cargo [Florida's] sale thereof." (Notice ¶¶ 1–2).

## IV. PARTIAL DEFAULT JUDGMENT AS TO DEFENDANT PROPERTIES

Based on Plaintiff's Application filed on August 3, 2001 (Doc. # 22), the Clerk of Court entered default against the interest of all persons in Defendant Properties except for the interest of Claimants Asia Cargo Panama and Florida, "but specifically including ... the interest, if any, of ... Restrepo." (Entry of Partial Default at 1). Based on Plaintiff's Motion (Doc. # 24), the Court entered partial default judgment (Doc. # 30) such that the interests of all persons in Defendant Properties except for the interest of Claimants Asia Cargo Panama and Florida, but specifically including the interest of Restrepo, were forfeited to Plaintiff on September 19, 2001 pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

## V. PENDING MOTIONS

On October 1, 2002, Claimants filed the pending Motion for Partial Summary Judgment. Plaintiff filed a Response on October 28, 2002 (Doc. # 115), and Claimants filed a Reply on November 12, 2002 (Doc. # 118).

On November 12, 2002, Claimants also filed the pending Motion to Strike. Plaintiff filed a Response on December 2, 2002 (Doc. # 121), and Claimants filed a Reply on December 12, 2002 (Doc. # 123).

On December 11, 2002, Plaintiff filed the pending Motion to Supplement. Claimants filed a Response on December 23, 2002 (Doc. # 125), and Plaintiff filed a Reply on January 10, 2003 (Doc. # 135).

On May 9, 2003, the Court heard oral argument on Claimants' Motion for Partial Summary Judgment.

### Discussion

## I. LEGAL STANDARDS

### A. Motion for Partial Summary Judgment Legal Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In addition, the dispute must be genuine, that is, "the evi-

dence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex,* 477 U.S. at 323–24, 106 S.Ct. 2548. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548; *see Citadel Holding Corp. v. Roven,* 26 F.3d 960, 964 (9th Cir.1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

Furthermore, the party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Brinson v. Linda Rose Joint Venture,* 53 F.3d 1044, 1049 (9th Cir.1995); *see also* Rule 1.10(*l* )(1), Rules of Practice of the United States District Court for the District of Arizona. There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505. However, because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, ... [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor" at the summary judgment stage. *Id.* at 255, 106 S.Ct. 2505.

■ Finally, "[s]ummary judgment procedures must necessarily be construed in light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein." *United States v. Currency, U.S. $42,500.00,* 283 F.3d 977, 979 (9th Cir.2002).

### B. Civil Forfeiture Legal Standards

### 1. Plaintiff's burden of proof regarding forfeiture under CAFRA

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1); *see United States v. $80,180.00 in U.S. Currency,* 303 F.3d 1182, 1184 (9th Cir.2002) ("CAFRA transferred the burden of proof from the claimant to the government and required the government to establish forfeiture by a preponderance of the evidence rather than by the lower probable cause standard[.]").[1] "[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3); *see United States v. One 1986 Ford Pickup,* 56 F.3d 1181, 1187 (9th Cir.1995) (applying sub-

---

1. Before the enactment of CAFRA, "the government bore the minimal burden of demonstrating probable cause for instituting the forfeiture proceeding." *$80,180.00 in U.S. Currency,* 303 F.3d at 1184; *see Currency, U.S. $42,500.00,* 283 F.3d at 984 n. 1. If probable cause was established, "the burden of proof shifted to the ... the claimant[ ], who could avoid a forfeiture only by establishing by a preponderance of the evidence that the property was not subject to forfeiture." *$80,180.00 in U.S. Currency,* 303 F.3d at 1184.

stantial connection test under pre-CAFRA probable cause standard).

### 2. The statutes regarding Plaintiff's Fifth and Sixth Claims

### a. 49 U.S.C. § 46306: aircraft registration violations

Plaintiff alleges in its Fifth Claim that Defendant Properties are subject to forfeiture pursuant to 49 U.S.C. § 46306(d)(1) and (2)(B). (First Am. Verified Compl. ¶ 257). Plaintiff alleges in its Sixth Claim that Defendant Properties are subject to forfeiture pursuant to 49 U.S.C. § 46306(d)(1) and (2)(C)(i) and (ii). (*Id.* ¶ 258). These statutes provide, in pertinent part (emphasis added):

[Section 46306](d) Seizure and forfeiture.—(1) The Administrator of Drug Enforcement or the Commissioner of Customs may seize and forfeit under the customs laws an *aircraft* whose use is related to a violation of subsection (b) of this section, or to aid or facilitate a violation, regardless of whether a person is charged with the violation.

(2) An *aircraft's* use is presumed to have been related to a violation of, or to aid or facilitate a violation of—...

(B) subsection (b)(3) of this section if there is an external display of false or misleading registration numbers or country of registration;

(C) subsection (b)(4) of this section if— (i) the *aircraft* is registered to a false or fictitious person; or (ii) the application form used to obtain the *aircraft* certificate of registration contains a material false statement[.]

Subsections (b)(3) and (4) provide (emphasis added):

[Section 46306](b) General criminal penalty.—Except as provided by subsection (c) of this section, a person shall be fined under title 18, imprisoned for not more than 3 years, or both, if the person—...

(3) knowingly and willfully displays or causes to be displayed on an *aircraft* a mark that is false or misleading about the nationality or registration of the *aircraft;*

(4) obtains a certificate authorized to be issued under this part by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious, or fraudulent statement or entry[.]

Despite the numerous references to "aircraft" and the lack of any reference to an "aircraft engine," Plaintiff claims that Defendant Engine is subject to forfeiture under Section 46306(d) because it is "original equipment" and a "component part" of Defendant Airplane. (First Am. Verified Compl. ¶¶ 257–58).

### b. 49 U.S.C. § 40102: definitions

Pursuant to Section 40102:(1) " 'aircraft' means any contrivances invented, used, or designed to navigate, or fly in, the air"; (2) " 'aircraft engine' means an engine used, or intended to be used, to propel aircraft, including a part, appurtenance, and accessory of the engine, except propeller"; and (3) " 'spare part' means an accessory, appurtenance, or part of an aircraft (*except an aircraft engine* or propeller), aircraft engine (except a propeller), propeller, or appliance, that is to be installed at a later time in an aircraft, aircraft engine, propeller, or appliance." 49 U.S.C. § 40102(a)(6)-(7), (38) (emphasis added).

## II. ANALYSIS

In their Motion for Partial Summary Judgment, Claimants assert that the following facts are undisputed: (1) Defendant Engine was removed from Defendant Airplane *before* the alleged registration violations occurred; (2) the Engine was *not*

on the Airplane at the time the alleged registration violations occurred; (3) the Engine was *not* on the Airplane when the Engine was seized; (4) the Engine was *not* on the Airplane when the Airplane was seized; (5) a replacement engine was on the Airplane when the alleged registration violations occurred; (6) the replacement engine was on the Airplane when the Airplane was seized; and (7) the replacement was seized as part of the Airplane. (Cls.' SOF ¶¶ 1–6) (citing Pl.'s Resp. to First Req. Admis. No. 23).

Claimants argue that because "there is no dispute that the Engine was not on the Airplane at the time of any FAA [registration] violation, there is no basis to conclude that the Engine was related to or aided or facilitated a Section 46306(b)(3) violation, by displaying a false or misleading registration number or country of registration (Claim Five) or . . . a Section 46306(b)(4) violation by proscribing materially false FAA registration applications (Claim Six)." (Mot. at 5). Claimants also argue that Section 46306(d) "provide[s] only for the forfeiture of 'aircraft,'" and the "Engine—which had been replaced by another engine that was seized along with the Airplane—is not an 'aircraft.'" (*Id.*) (citing 49 U.S.C. § 46306(d)(1) & (2)(B), (C)(i)-(ii)). Noting that the definitions in Section 40102(a) define "aircraft" separate and apart from "aircraft engine," Claimants argue that the latter is "something entirely different" from the former. (*Id.* at 6) (citing 49 U.S.C. § 40102(a)(6)-(7)). Finally, Claimants argue that "[o]nce the Engine was removed from the Airplane and replaced prior to [the alleged registration violations], it ceased to be a 'component part' of the Airplane, and became an 'aircraft engine' as that term is defined in the statute." (*Id.* at 7).

In its Response, Plaintiff does not dispute the facts set forth above. (*See* Pl.'s SOF ¶¶ 4–6) (citing Dawson Aff.). Although Section 46306(d)(1) allows for the forfeiture of "aircraft" without ever mentioning "aircraft engines," Plaintiff contends that the Engine—which was not on the Airplane when the seizures and the alleged registration violations occurred—is subject to forfeiture under Section 46306(d) because it is "original equipment" and a "component part" of the Airplane. (Resp. at 2, 4–7).

 Plaintiff does not deny that Section 40102(a) defines "aircraft" separate and apart from "aircraft engine." *See* 49 U.S.C. § 40102(a)(6)-(7). Instead, Plaintiff claims that the Engine is a "spare part" of the Airplane based on the definition of the phrase set forth in Section 40102(a)(38). (Resp. at 4–5).[2] As discussed above, "'spare part' means an accessory, appurtenance, or part of an aircraft (*except an aircraft engine* or propeller), aircraft engine (except a propeller), propeller, or appliance, that is to be installed at a later time in an aircraft, aircraft engine, propeller, or appliance." 49 U.S.C. § 40102(38) (emphasis added). Based solely on the explicit exception in the definition, it is clear that an "aircraft engine" is *not* defined as a "spare part" of an "aircraft." Furthermore, reading the definition without the exceptions, the Court finds that an aircraft engine is *not* defined as a spare part: "'spare part' means an accessory, appurtenance, or part of an aircraft, aircraft engine, propeller, or appliance, that is to be installed at a later time in an aircraft, aircraft engine, propeller, or appliance." (*Id.*).

The only case Plaintiff cites for its novel "component part" argument is a Fifth Cir-

---

**2.** Plaintiff, however, fails to explain why unattached "spare parts" of aircraft that are seized separate and apart from an aircraft are subject to forfeiture under Section 46306(d).

cuit case, *United States v. One 1978 Mercedes Benz*, 711 F.2d 1297, 1304–05 (5th Cir.1983), in which the court "resorted to a comparison of the federal forfeiture laws to the law of fixtures related to real property in evaluating whether a telephone mounted in an automobile used to transport cocaine should be forfeited pursuant to 21 U.S.C. § 881(a)(4)." (Resp. at 6). Plaintiff acknowledges that an analogy to the case is imperfect, but argues that the case is instructive because "applying this analysis, the original equipment temporarily removed for repair and intended to be permanently reattached is clearly subject to forfeiture." (*Id.* at 6–7).

As Claimants correctly point out in their Reply, however, the Fifth Circuit held that the telephone—which was seized along with the vehicle, unlike the Engine—was *not* subject to forfeiture as a "component part" of the vehicle. (Reply at 4). In so holding, the court stated the following:

> The court should also give great weight to a final consideration which has no roots in fixture law. If there is any evidence before the court that the item was used in furtherance of the underlying crime[,] ... that fact should weigh heavily in the court's decision to forfeit the item as a part of the contra-band condemned vehicle.

711 F.2d at 1305. Here, it is undisputed that the Engine was not actually used in furtherance of the alleged registration violations. Having considered the analysis in *One 1978 Mercedes Benz*, which interpreted 21 U.S.C. § 881(a), the Court finds that it does not provide sufficient legal support for the forfeiture of the Engine under 49 U.S.C. § 46306(d).

While Plaintiff does not dispute that the Engine was not actively involved in the alleged registration violations, it claims that the Engine is nonetheless subject to forfeiture under Section 46306(d) because it was "passively involved" in such violations. (Resp. at 8, nn. 1–2) (citing *United States v. One Lot Emerald Cut Stones and One Ring*, 461 F.2d 1189 (5th Cir.1972); *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370 (5th Cir. 1986); and *United States v. One 1954 Rolls Royce Silver Dawn*, 777 F.2d 1358 (9th Cir.1985)). As Claimants correctly note in their Reply, however, "[b]ecause specific statutory authority existed for each of these forfeitures, no 'passive involvement' analysis is necessary nor was any such analysis indulged in by the courts in the cases cited" by Plaintiff. (Reply at 7). Accordingly, the Court finds Plaintiff's "passive involvement" argument unpersuasive and legally insufficient to permit the forfeiture of the Engine under Section 46306(d).[3]

### Conclusion

**IT IS THEREFORE ORDERED** that the Motion for Partial Summary Judgment on FAA Counts Against Engine (Doc. # 103) filed by Claimants Asia Cargo & Trading Co., S.A. ("Asia Cargo Panama") and Asia Cargo & Trading of U.S.A., Inc. ("Asia Cargo Florida") is **GRANTED**.

**IT IS FURTHER ORDERED** that Claimants' Motion to Strike October 24, 2002 Affidavit of Patrick E. Dawson (Doc. # 117) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff United States of America's Mo-

---

**3.** To the extent Plaintiff argues that the Engine should be subject to forfeiture because otherwise Plaintiff "would receive a twin engine aircraft with but one engine" and "there would be a substantial reduction in the value of aircraft[,]" the Court finds the argument unpersuasive. (Resp. at 6). As Claimants correctly note in their Reply, "nothing in the forfeiture statutes entitles the government to a certain value in the property it forfeits." (Reply at 6). Moreover, Plaintiff is correct in stating that "[t]he status of the [E]ngine cannot depend upon the forfeitability of the replacement or spare engine." (Resp. at 6).

tion to Supplement Affidavit of Patrick E. Dawson (Doc. # 122) is **DENIED** as moot.