UNITED STATES of America,
Plaintiff—Appellant,

Marcus Medina; Antonio Medina;
Nicolas Medina, Claimants—
Appellees,

v.

$739,047.03 IN U.S. CURRENCY,
Defendant.

United States of America,
Plaintiff—Appellee,

Marcus Medina; Antonio Medina;
Nicolas Medina, Claimants—
Appellants,

v.

$739,047.03 in U.S. Currency, Defendant.

Nos. 02–56905, 02–56911.
D.C. No. CV–01–01881–FMC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2003.

Decided June 29, 2004.

Eric Honig, Esq., Marina del Rey, CA, for Claimants–Appellees.

Appeal from the United States District Court for the Central District of California, Florence Marie Cooper, District Judge, Presiding.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Antonio Medina and his sister, Angeles Medina, withdrew $738,642.29 from a Prudential investment account in May 2000. Over the next two months, they unsuccessfully attempted to transfer those funds from several banks in the United States to an account in Spain. The government, believing that these funds were subject to seizure, instituted this forfeiture proceeding against the money.

The district court granted summary judgment against the United States, finding that the government did not present sufficient evidence that the funds were proceeds from prior criminal activity, and that there was no triable issue of fact regarding whether Medina violated the bank fraud statute, 18 U.S.C. § 1344. The government appeals the district court's grant of summary judgment. Additionally, Medina cross-appeals the district court's decision not to void the seizure warrant underlying this action, as well as an earlier order granting the government's motion to amend its complaint.

### Government's Appeal

"Any property ... involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such proper-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ty" is subject to forfeiture to the United States. 18 U.S.C. § 981(a)(1)(A). The government alleges that the currency is subject to forfeiture under this statute because the currency was involved in a violation of 18 U.S.C. § 1956(a)(2)(A) (promotion of carrying on of bank fraud by attempting to transfer money to a location outside the United States).

Promotion of carrying on of bank fraud by attempting to transfer money to a location outside the United States, 18 U.S.C. § 1956(a)(2), does not require the funds in question to be proceeds of prior unlawful activity. If the United States cannot show that the funds are proceeds from "some form of unlawful activity," it may instead show that the person, in dealing with the funds, intended "to promote the carrying on of a specified unlawful activity. . . ." 18 U.S.C. § 1956(a)(2)(A). The government alleges that Medina did have such intent when he attempted to transfer the funds to Spain in violation of 18 U.S.C. § 1344.

Section 1344(1) provides that "[w]hoever knowingly executes, or attempts to execute, a scheme or artifice . . . to defraud a financial institution" has committed bank fraud. Moreover, "materiality of falsehood is an element of the federal . . . bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). In interpreting *Neder*, this Court recently held that "[i]f a scheme is devised with the intent to defraud, . . . *the fact that there is no misrepresentation of a single existing fact is immaterial.* It is only necessary to prove that it is a scheme reasonably calculated to deceive. . . ." *United States v. Woods*, 335 F.3d 993, 998 (9th Cir.2003) (emphasis and alteration in original). Although *Neder* requires a material falsehood, the Ninth Circuit reasoned that the Supreme Court "addressed the materiality of misrepresentation, not the specificity." *Id.* at 999. Therefore,

although Medina may not have made any individually false statements to the banks, if those statements, taken as a whole, were "fraudulently misleading and deceptive," then Medina may have committed actual fraud. *See id.* at 998.

■ The district court granted summary judgment on this issue before we decided *Woods*. Perhaps as a result, the district court focused on the government's allegations of specific misrepresentations, rather than on the government's broader theory of a "scheme reasonably calculated to deceive." We remand to the district court to reconsider the evidence in light of *Woods*. We express no view as to whether the government has in fact presented evidence sufficient to survive judgment under *Woods*.

### Medina's Cross–Appeals

■ Medina argues that because United States Customs provided false information regarding Medina's allegedly fake social security number to a Magistrate Judge to obtain the seizure warrant, the district court erred in not granting him summary judgment and voiding the warrant, or at least by denying him a *Franks* hearing.

We have repeatedly held that an unconstitutional seizure does not defeat a forfeiture claim. *See United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051, 1063 (9th Cir.1994), *superseded by statute on other grounds as stated in United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1184 (9th Cir.2002); *United States v. $277,000.00 U.S. Currency*, 941 F.2d 898, 902 (9th Cir.1991); *United States v. One 1971 Harley–Davidson Motorcycle*, 508 F.2d 351 (9th Cir.1974) ("The mere fact of the illegal seizure, standing alone, does not immunize the goods from forfeiture.") (quoting *John Bacall Imports, Ltd. v. United States*, 412 F.2d 586, 588 (9th Cir.1969)). The fruits of

an unlawful search or seizure may not be used as evidence during a forfeiture trial. *See One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Therefore, Medina is not entitled to summary judgment on the merits on the basis of his challenge to the seizure warrant.

However, Medina also sought a hearing on whether the government has probable cause to retain the funds. If Medina is able to show that the government does not currently have probable cause to retain his money, he may be entitled to release of the seized funds pending trial. *See United States v. James Daniel Good Property,* 971 F.2d 1376, 1384 (9th Cir.1992) (providing that if seizure of claimant's home violated due process, claimant would be entitled to the rents accrued during the illegal seizure), *rev'd on other grounds,* 510 U.S. 43, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993); *see also Krimstock v. Kelly,* 306 F.3d 40, 50 (2d Cir.2002) (probable cause of continued validity to retain vehicles held for forfeiture).

█ Finally, we affirm the district court's grant of the government's motion to amend its complaint. Leave shall be freely given to amend a complaint when justice so requires. Fed.R.Civ.P. 15; *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that leave shall be freely given to amend a complaint is a "mandate . . . to be heeded"). Medina argues that the motion to amend the complaint added should have been denied because the government's proposed amendments to the complaint added futile claims. However, the government pled sufficient facts to support both causes of action in the amended complaint.

## Conclusion

For the reasons discussed above we reverse the district court's grant of summary judgment and remand for a reconsideration of the evidence in light of *United States v. Woods.*

Each party shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part and REMANDED.