NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10529 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00074-SRB-1 |
| v. | |
| JOSE ANGEL CORTEZ-LUNA, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10002 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cr-00074-SRB-2 |
| v. | |
| ENRIQUE SERRATO-NAVARRO, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 9, 2018
San Francisco, California

Before:  WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants Jose Angel Cortez-Luna and Enrique Serrato-Navarro appeal from the district court's order denying their motion to suppress evidence of methamphetamine discovered by Border Patrol agents during a search of a vehicle Defendants had been driving. Defendants also challenge the district court's imposition of certain supervised release conditions as part of their sentences. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's denial of a motion to suppress evidence de novo, and the district court's underlying factual findings for clear error. *United States v. Job*, 871 F.3d 852, 859 (9th Cir. 2017) (citations omitted). Where, as here, a defendant failed to object to conditions of supervised release at sentencing, we review the imposition of those conditions for plain error. *United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016) (citation omitted).

The district court did not err in denying Defendants' motion to suppress. The district court plausibly found that the initial encounter between Agent Gatewood and Defendants, including Gatewood's request to examine Defendants' identification, was voluntary. *See United States v. Drayton*, 536 U.S. 194, 201 (2002) (explaining that a law enforcement officer may pose questions and ask for identification without implicating any Fourth Amendment interest, so long as the officer does not induce cooperation by coercion). The district court also properly concluded that Defendants' responses during their encounter with Agents

2

Gatewood and White, combined with the results of Agent Gatewood's record checks, gave rise to reasonable suspicion to seize Defendants at approximately 10:50 am, when Gatewood retained control of Defendants' identification documents. *See United States v. Chan-Jimenez*, 125 F.3d 1324, 1326 (9th Cir. 1997) ("When a law enforcement official retains control of a person's identification papers . . . longer than necessary to ascertain that everything is in order, and initiates further inquiry while holding on to the needed papers, a reasonable person would not feel free to depart."). Finally, once the agents seized Defendants for Fourth Amendment purposes, the agents acted with reasonable diligence in summoning a drug-sniffing dog from a nearby Border Patrol checkpoint to conduct a search. Although the agent with the drug-sniffing dog took 15-20 minutes to arrive, the agents called for the dog no more than 10 minutes after the investigative detention began. This was a reasonable course of action that did not unnecessarily prolong Defendants' detention. *See United States v. Sharpe*, 470 U.S. 675, 685 (1985) (explaining that "common sense and ordinary human experience" must govern the inquiry into whether law enforcement officers unreasonably prolonged an investigative detention).

We reject Defendants' contention that Agent Gatewood was required to call a drug-sniffing dog immediately upon seeing Defendants come to a stop at the end of a single-lane access road. Although Agent Gatewood testified that certain things

3

seemed unusual about Defendants driving in that part of Arizona at the time in question, it was entirely reasonable for Agent Gatewood to approach Defendants, ask basic questions, and continue to run record checks before taking the more serious step of calling a drug-sniffing dog. Reasonable diligence does not require law enforcement officers to leverage every investigative tool at their disposal immediately. *Cf. id.* at 686 (explaining that in the course of an investigative detention, law enforcement agents must be permitted to "graduate their responses" according to the demands of the situation) (citation omitted). Under the circumstances presented here, Gatewood's step-by-step investigative approach did not violate Defendants' Fourth Amendment rights.

Defendants' reliance on *United States v. $191,910.00 in U.S. Currency*, 16 F.3d 1051 (9th Cir. 1994), *superseded by statute on other grounds as stated in United States v. $80,180.00 in U.S. Currency*, 303 F.3d 1182, 1184 (9th Cir. 2002), is misplaced. There, we held that law enforcement agents did not act with diligence when, having suspected an individual of drug trafficking *before* the individual boarded a flight, the agents failed to have a drug-sniffing dog at the airport when the suspect landed. *Id.* at 1061. The instant case is materially different. Here, Agent Gatewood did not suspect Defendants of drug trafficking prior to speaking with them and running record checks, but rather approached them to see if there was anything that would raise suspicion. We have acknowledged that in analogous

situations of "general surveillance," where agents are "not awaiting any particular suspect," "it is much more reasonable for the government to summon [a drug-sniffing] dog only after acquiring reasonable suspicion." *Id.* at 1062 (citation omitted). Given that Gatewood had no advance knowledge or suspicion of Defendants as potential suspects, it was not unreasonable to delay calling for a drug-sniffing dog.

The district court did not plainly err in imposing certain supervised release conditions on Defendants. First, given that Defendants maintained their legal status at the time of sentencing, the conditions imposed by the district court were reasonably related to "deterrence, protection of the public, or rehabilitation." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009). The district court was not required to predict the precise trajectory and outcome of Defendants' deportation proceedings before imposing standard conditions of supervised release. Second, Defendants' objection to two of the conditions as unconstitutionally vague fails because neither condition speaks "in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (quotation and citation omitted).

**AFFIRMED**.

5