

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-5-2003

# USA v. One Piper Aztec

Precedential or Non-Precedential: Precedential

Docket 02-1925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. One Piper Aztec" (2003). *2003 Decisions.* Paper 698.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/698

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 5, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1925

UNITED STATES OF AMERICA

v.

ONE "PIPER" AZTEC "F" DE LUXE MODEL 250 PA 23
AIRCRAFT BEARING SERIAL NO. 27-7654057

*Russell Robinson,
Appellant

*(Pursuant to Rule 12(a), F.R.A.P)

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Civil Action No. 99-cv-00082
(Honorable Thomas K. Moore)

Argued November 8, 2002

Before: SCIRICA, ALITO and RENDELL, Circuit Ju dges

(Filed: March 5, 2003)

STEPHEN A. BRUSCH, ESQUIRE
 (ARGUED)
International Plaza, Suite 2G
P.O. Box 988
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804

 Attorney for Appellant


JOYCELYN HEWLETT, ESQUIRE
 (ARGUED)
Office of United States Attorney
Federal Building & United States
 Courthouse
5500 Veterans Drive, Suite 260
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00802-6424

 Attorney for Appellee

OPINION OF THE COURT

SCIRICA, Circuit Judge:

This is a civil forfeiture action against an aircraft the

government claims was used to illegally transport aliens en route to the United States Virgin Islands. The owner of the aircraft contends the government did not meet its burden to obtain forfeiture. In this pre-CAFRA[1] forfeiture, we hold the government demonstrated probable cause that the aircraft was used in violation of 8 U.S.C. S 1324(a), and that the owner presented no contrary evidence. We also hold that CAFRA does not apply retroactively. We will affirm the judgment of forfeiture in rem.

I

Russell Robinson owned a Piper Aztec F DeLuxe Model 250PA Aircraft, bearing serial number 27-7654057 and United States registration number N6257H. The government alleged Robinson authorized pilot David Peltier to fly to St. Maarten and transport three illegal aliens to Anegada, British Virgin Islands. On July 3, 1998, Peltier flew an aircraft matching the registration number of the seized aircraft to Anegada where he dropped off the aliens and notified Robinson of their arrival.

_____

1. CAFRA refers to the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, S 21, 114 Stat. at 225 (codified at 8 U.S.C. S 1324 (note)), which Congress enacted after the seizure at issue here took place.

The next day, a vessel docked at the Anegada Reef Hotel to collect the three aliens. British Virgin Islands's customs agents stopped the vessel with Robinson and the three aliens on board. But they were forced to release the vessel once it entered U.S. waters. Later that evening, officers of the U.S. Virgin Islands Department of Planning and Natural Resources observed the vessel as it entered Cruz Bay 2 without running lights and witnessed the aliens disembarking at the Virgin Islands National Park service dock. The three aliens did not have permission to enter the United States. On May 19, 1999, the government commenced forfeiture in rem proceedings, and on May 25, the District Court issued a warrant of arrest in rem. On August 25, 1999, U.S. Marshals arrested the aircraft and published notice. Robinson filed a notice of claim and posted a $5,000 bond to formally contest the forfeiture. On March 22, 2002, the District Court decreed the property be forfeited to the United States. Robinson has appealed.

II

A

We first address the proper burden of proof. In 2000, Congress enacted the Civil Asset Forfeiture Reform Act, which changed the burden of proof in civil forfeiture actions. Under CAFRA, in "any forfeiture proceeding commenced on or after [August 23, 2000]," the government must prove forfeiture under a preponderance of the evidence standard. Civil Asset Forfeiture Reform Act of

2000, Pub. L. No. 106-185, S 21, 114 Stat. at 225 (codified at 8 U.S.C. S 1324 (note)). As noted, the government's initial filing here occurred on May 19, 1999. At issue is whether CAFRA applies retroactively.

_____

2. According to the government's uncontested evidence, Cruz Bay is not a port of traditional entry. The United States Code provides for criminal and civil penalties for bringing in and harboring certain aliens. 8 U.S.C. S 1324. Under the Code, any conveyance involved in bringing an alien "to the United States in any manner whatsoever . . . at a place other than a designated port of entry" shall be liable for forfeiture. 8 U.S.C. SS 1324(a)(1)(A)(I), 1324(b).

3

Most appellate courts have denied retroactive application of CAFRA. United States v. $80,180.00 in U.S. Currency, 303 F.3d 1182 (9th Cir. 2002); United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 76 n.5 (2d Cir. 2002); United States v. Wagoner County Real Estate, 278 F.3d 1091, 1095 (10th Cir. 2002); United States v. Carrell, 252 F.3d 1193, 1198 nn.4 & 10 (11th Cir. 2001); Larson v. United States, 274 F.3d 643 (1st Cir. 2001). Only one appellate court, the Court of Appeals for the Sixth Circuit, has held otherwise. United States v. Real Property in Section 9, 241 F.3d 796 (6th Cir. 2001). In Real Property, the Sixth Circuit concluded it was proper to apply CAFRA retroactively where the application did not prejudice either party. Real Property, 241 F.3d at 798-99.

Whether a statutory provision applies retroactively to pending cases depends on statutory interpretation. See Matthews v. Kidder, Peabody & Co., 161 F.3d 156 (3d Cir. 1998).3 CAFRA applies to "any forfeiture proceeding commenced on or after [August 23, 2000]." This language is clear and unambiguous. Accordingly, our inquiry is done. Landgraf, 511 U.S. at 280; $80,180.00 in U.S. Currency, 303 F.3d at 1185-86 & n.5 ("Congress manifested a clear intent to apply CAFRA's heightened burden of proof only to judicial forfeiture proceedings in which the government's complaint was filed on or after August 23, 2000. Congress did not intend to apply the new law to cases filed before but pending on the effective date.").

B

An aircraft used to bring or attempt to bring aliens into the United States illegally is subject to forfeiture to the United States under 8 U.S.C. S 1324(b).4 Civil forfeitures of

_____

3. In the absence of clear congressional intent, the Supreme Court has recognized a traditional presumption against retroactivity. Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994) ("[T]he presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."); see Lindh v. Murphy, 521 U.S. 320 (1997).

4. "Any conveyance, including any vessel, vehicle, or aircraft, that has

been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture." 8 U.S.C. S 1324(b)(1).

property used in bringing in and harboring illegal aliens are governed by the procedures provided in 18 U.S.C.SS 981 et seq.5 The government generally files a complaint for forfeiture in rem and obtains a warrant for seizure of the property pursuant to 18 U.S.C. S 981(b)(2). 6

Robinson contends that each step of the litigation qualifies as a new "proceeding" and that his appeal, filed on April 1, 2002, brings this forfeiture proceeding under CAFRA. We disagree.

We apply normal rules of statutory construction. The plain meaning of the statute controls unless the language is ambiguous or leads to absurd results. Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc); see Carrell, 252 F.3d at 1198 (interpreting the plain language of CAFRA). In Abdul-Akbar, we affirmed the American Plain Meaning Rule enunciated by the Supreme Court in Caminetti v. United States, 242 U.S. 470, 485 (1917) (internal citations omitted):

> It is elementary that the meaning of the statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the law-making body which passed it, the sole function of the courts is to enforce it according to its terms.

As the Supreme Court recently interpreted Caminetti, "[o]ur task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." Negonsott v. Samuels, 507 U.S. 99, 104 (1993). The plain meaning is conclusive "except in the rare cases

---

5. "For purposes of this section, the provisions of the customs laws relating to the seizure, summary and judicial forfeiture, condemnation of property for violation of the customs laws . . . shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under this section . . . ." 18 U.S.C. S 981(d).

6. "Seizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. S 981(b)(2).

[in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its

drafters." United States v. Ron Pair Enters. , 489 U.S. 235, 242 (1989) (internal quotations omitted).

Here, CAFRA applies to "any forfeiture proceeding commenced on or after [August 23, 2000]." The plain language is clear: the commencement of a forfeiture proceeding can mean only the point when the government first files a complaint for forfeiture in rem under 18 U.S.C. S 981(b)(2). The proceeding commences with the government's action and ends when the final appeal is exhausted. No other interpretation is sensible.

Although unnecessary here, the legislative history is instructive. As the bill passed the House originally, it would have applied CAFRA to all "cases pending on the date of " enactment. Civil Asset Forfeiture Reform Act, H.R. 1658, 106th Cong., S 6(b)(1) (1999), reprinted in 145 Cong. Rec. H4858, H4878 (daily ed. June 24, 1999). But that language was deleted in the bill's final version. Subsequent legislative history demonstrates that "the date on which a forfeiture proceeding is commenced is the date on which the first administrative notice of forfeiture relating to the property is sent." 146 Cong. Rec. H2040, H2051 (daily ed. April 11, 2000) (statement of Rep. Hyde).

Furthermore, Congress expressly applied CAFRA retroactively to S 14(c) of the Act, a section which prevents fugitives from pursuing forfeiture claims. That Congress drew a distinction between these two types of forfeiture claims is significant. See Lindh, 521 U.S at 329-330 (describing the statutory analysis where two sections of the same statute evolved differently).

We hold that CAFRA does not apply retroactively to civil forfeiture proceedings commenced before August 23, 2000. The civil forfeiture proceeding here commenced with the government's filing of a complaint for forfeiture of the Piper Aztec aircraft, which was initiated more than one year prior to CAFRA's enactment. We therefore will apply the pre-CAFRA burden of proof standard.

6

III

Robinson denies his aircraft was used to transport illegal aliens. Under the pre-CAFRA burden of proof, "[i]n all suits or actions brought for the forfeiture of any conveyance seized under this section, where the conveyance is claimed by any person, the burden of proof shall lie upon such claimant, except that probable cause shall be first shown for the institution of such suit or action." 8 U.S.C. S 1324(b)(5).

Although we have had no occasion to address it previously, several sister circuits have interpreted 8 U.S.C. S 1324(b)(5) to require that the government demonstrate probable cause to execute a forfeiture in rem. Once the government demonstrates probable cause, the burden of

proof shifts to the owner of the seized property, who must establish by a preponderance of the evidence that the property was not used in connection with illegal activities. E.g., United States v. $129,727.00 in U.S. Currency, 129 F.3d 486, 493 (9th Cir. 1997); United States v. One Beechcraft King Air 300 Aircraft, 107 F.3d 829, 830 (11th Cir. 1997); United States v. $94,000.00 in U.S. Currency, 2 F.3d 778, 784 (7th Cir. 1993); United States v. 228 Acres of Land, 916 F.2d 808, 814 (2d Cir. 1990); United States v. Santoro, 866 F.2d 1538, 1544 (4th Cir. 1989); United States v. $250,000.00 in U.S. Currency, 808 F.2d 895, 900 (1st Cir. 1987); Bramble v. Richardson, 498 F.2d 968, 970-73 (10th Cir. 1974).

The government satisfied its burden of proof here. It offered the sworn testimony of pilot Peltier and Dean Foy, a British Virgin Islands customs agent, and the affidavit of INS special agent Brendan Hickey, who swore to facts that more than demonstrate probable cause.7  Peltier testified he piloted the seized aircraft that transported the illegal aliens from St. Maarten to Anegada. Customs agent Foy testified he stopped a vessel transporting the same illegal aliens from Anegada, but could not detain them because the boat

_____

7. Despite Robinson's contention, the District Court correctly admitted the hearsay evidence of Hickey's affidavit. The government can rely on hearsay evidence to meet its probable cause burden. United States v. 6109 Grubb Rd., 886 F.2d 618, 621 (3d Cir. 1989).

drifted into U.S. waters. Special agent Hickey gave an affidavit that the three illegal aliens lacked U.S. visas and entered the country illegally. Based on this evidence, the District Court properly found probable cause that the Piper Aztec aircraft had been used to transport illegal aliens.

With evidence demonstrating probable cause, the burden shifted to Robinson to disprove this presumption by a preponderance of the evidence. On appeal, Robinson asserts he met his burden because his criminal conviction was overturned.8 But the absence of a criminal conviction is irrelevant in a civil forfeiture proceeding, which is directed against the property, not the owner. United States v. Sandini, 816 F.2d 869, 872 (3d Cir. 1987) ("Civil forfeiture is an in rem proceeding. . . . The innocence of the owner is irrelevant -- it is enough that the property was involved in a violation to which the forfeiture attaches."). Robinson fails to offer any evidence to controvert the government's contentions. His failure to do so means he has not met his burden of proof.

IV

Robinson contends the pre-CAFRA burden of proof in civil forfeiture actions violates his constitutional right to due process under the Fifth Amendment. The pre-CAFRA system, which we apply here, involved multiple steps. As

the statute provided, "the burden of proof shall lie upon such claimant, except that probable cause shall be first shown for the institution of such suit or action." 8 U.S.C S 1324(b)(5).

_____

8. On July 14, 1999, a jury convicted Robinson in the related criminal proceedings for knowingly and willfully bringing aliens into the United States at a place other than a designated port of entry. United States v. Robinson, No. 99-cr-00021-1 (V.I. filed July 14, 1999). But this court subsequently remanded the case to the District Court for a hearing on whether the jurors improperly had access to prejudicial information. United States v. Robinson, 263 F.3d 160 (3d Cir. 2001) (table). The District Court vacated the judgment of conviction and granted Robinson a new trial. The government has not filed new proceedings against Robinson.

8

Robinson offers no argument why the pre-CAFRA burden of proof violates due process. It is common that criminal and civil matters may require different burdens of proof. Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 147 (3d Cir. 2002). For civil forfeitures, we have found the burden of proof is a preponderance of the evidence standard shifted to the claimant. United States v. R.R. #1, Box 224 , 14 F.3d 864, 869 (3d Cir. 1994); accord $129,727.00 in U.S. Currency, 129 F.3d at 492. We see no constitutional infirmity in this standard for a civil action against the seized property.

V

For the foregoing reasons, we will affirm the judgment of forfeiture.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

9