

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2004

# USA v. Contents of Two

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2460

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Contents of Two" (2004). *2004 Decisions*. Paper 198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-2460

_____

UNITED STATES OF AMERICA

v.

CONTENTS OF TWO SHIPPING CONTAINERS SEIZED AT ELIZABETH,
NEW JERSEY ON OR ABOUT DECEMBER 20, 1990, INCLUDING ONE 1900
NISSAN 300ZX (VIN JN1RZ26A3LX010643) AND VARIOUS ITEMS OF
FURNITURE AND PERSONAL EFFECTS

DANIEL ORIAKHI,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 01-cv-05823 )
District Judge: Honorable William H. Walls

_____

Argued March 24, 2004

Before: ROTH, AMBRO and CHERTOFF, <u>Circuit Judges</u>

(Opinion filed:  October 26, 2004)

Joseph M. Bernstein, Esquire **(Argued)**
800 North King Street, Suite 302
Wilmington, DE 19801

**<u>Counsel for Appellant</u>**

Peter G. O'Malley, Esquire **(Argued)**
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

**Counsel for Appellee**

O P I N I ON

ROTH, Circuit Judge

Daniel Oriakhi appeals the judgment of the United States District Court for the District of New Jersey, granting summary judgment in favor of the United States on this civil forfeiture action of the contents of two shipping containers, seized in Elizabeth, New Jersey.

Oriakhi limits his argument on appeal to the proposition that the government's civil forfeiture action was barred by the statute of limitations found at 18 U.S.C.§ 983(e)(2)(B)(ii). We reject this argument and will affirm the judgment of the District Court.

## II. Background and Procedural History

The background of this case is provided in an opinion from the Fourth Circuit Court of Appeals in a related criminal action, *United States v. Oriakhi*, 57 F.3d 1290, 1294, 1297 (4th Cir. 1995). Briefly, the contents of the two containers involved in this case were originally seized in December 1990 by the United States Customs Service. *Id.* at 1294. The owner of the contents of the containers was later discovered to be Daniel Oriakhi. See *id.*

2

Oriakhi was indicted and convicted in the United States District Court for the District of Maryland for conspiracy to import heroin into the United States. *Id.* at 1294-95.

Customs officials effected forfeiture of the contents of the two shipping containers pursuant to 21 U.S.C. § 881(a)(6), which provides for forfeiture of, among other things, all property traceable to an illegal drug transaction. *See Alli-Balogun v. United States*, 281 F.3d 362, 364-65 (2d Cir. 2002). The officials were required to provide publication and written notice of their intent to forfeit the property to any party appearing to have an interest in the property. 19 U.S.C. § 1607(a)[1]. In 1991, the government attempted to send three notices to Oriakhi. Oriakhi claims he never received these notices and the government does not contest this claim. Oriakhi failed to make a timely claim on the property, and the contents of the two containers were administratively forfeited in May and August of 1991. *See* 19 U.S.C. §§1603(b) & 1609 (a). [App. II 26, 32]

In 1997, Oriakhi went to the United States District Court for the District of New Jersey to seek compensation for the contents of the two containers. In August 1999, the court concluded that the government's three attempted notices in 1991 were not "reasonably calculated" to alert Oriakhi to the impending forfeiture. The court set aside the administrative

---

[1]If a timely claim is filed, the administrative forfeiture process stops and the Attorney General is required to institute judicial forfeiture proceedings. 19 U.S.C.§1603(b). However, if no timely claim is filed, the agency must, by default, declare the property forfeited. 19 U.S.C. (1609)(a). Subject to exceptions not relevant here, no forfeiture action may be commenced more than five years after the underlying alleged offense was discovered, or more than two years after the involvement of the property in the alleged offense was discovered, whichever is later. 19 U.S.C. §1621.

3

forfeiture, but, rather than order the government to compensate Oriakhi for the value of the property, the court directed the government to initiate judicial forfeiture proceedings.

Oriakhi appealed and we affirmed the District Court in August 2001 in an unpublished *per curiam* decision. We reasoned that the District Court did not abuse its discretion by directing the government to initiate judicial forfeiture proceedings rather than ordering compensation for the improperly forfeited property.

The government initiated judicial forfeiture proceedings in December 2001 and moved for summary judgment in January 2002. Oriakhi argued that the property in the containers was not subject to forfeiture and that the government's new judicial forfeiture action was barred by the 5-year statute of limitations at U.S.C.§ 1621. The District Court held that Oriakhi was collaterally estopped from making the first argument and that the statute of limitations should be equitably tolled. Oriakhi appealed.

## III. Jurisdiction and Standard of Review.

The District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order, granting summary judgment, applying the same test that the district court should have applied. *Assaf v. Fields*, 178 F.3d 170, 171 (3d Cir. 1999); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987) (en banc). If we determine that "there is no genuine issue as to any material fact" and that the movant is entitled to judgment at a matter of law, we will affirm the district court's grant of summary judgment. Fed. R. Civ. P. 56(c).

4

## IV. Discussion

Oriakhi argued before the District Court that the limitations period found at 19 U.S.C. § 1621 barred the government's judicial forfeiture action. He abandons this argument on appeal and now contends that a different limitations provision, found in 18 U.S.C. § 983(e)(2 (B)(ii), bars the government's action.[2] Section 983 was added to Title 18 by the Civil Asset Forfeiture Reform Act of 2000 (CAFRA). This appeal presents two questions. Does CAFRA apply to this case? If so, does the limitations period at § 983(e)(B)(ii) apply? The

---

[2] We normally refuse to consider arguments on appeal that were not raised in the District Court, absent exceptional circumstances. E.g., *Hormel v. Helvering*, 312 U.S. 53, 557 (1941); *Franki Foundation Co. v. Alger-Rau & Assoc's, Inc.*, 513 F.2d 586, (3d Cir. 1975). This rule is "one of discretion rather than jurisdiction." *Selected Risks Ins. Co. v. Bruno*, 718 F.2d 67, 69 (3d Cir. 1997) (internal quotation omitted).

We think the ends of justice would be promoted by reaching Oriakhi's new argument. In our earlier decision in this case we suggested that, due to the complexity of the issues, including any statute defense, Oriakhi should request appointment of counsel in District Court. Oriakhi moved for appointment of counsel in the District Court immediately following our decision and renewed his motion two months later. The District Court never ruled on these motions, perhaps because Oriakhi filed them under the original docket number associated with his action seeking compensation for the administratively forfeited property, rather than under the new docket number opened when the government initiated judicial forfeiture proceedings in December 2001. However, the same judge presided over both cases and was apprised by our earlier decision of the possibility that Oriakhi might request appointment of counsel. Oriahki might not have been entitled to appointment of counsel, see *Taborn v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993) (decision to deny counsel in civil cases reviewed for abuse of discretion), but the District Court should have ruled on his requests.

Pro se status by no means creates an automatic exception to the waiver rule, see *United States v. Garth*, 188 F. 3d 99, 105-06 (3d Circ. 1999), but we have relied on this factor to relax the waiver rule in the past, see *Tabor*, 6 F.3d at 153 n.2, and the unusual circumstances described above make the argument for relaxing the rule especially compelling here. We further note that the waiver rule may be relaxed where, as here, the new argument presents pure questions of law that do not require and would not benefit from factual development in the district court. *See Trailways Lines, Inc. v. Trailways, Inc., Joint Council of Amalgamated Transit Union, AFL-CIO*, CLC 785 F.2d 101, 104 (3d Cir. 1986); see also *In re American Biomaterials Corp.*, 954 F. 3d 919, 927-28 (3d Cir. 1992) (waiver rule applied with "added force where the timely raising of the issue would have permitted the parties to develop a factual record").

5

answers are yes and no, respectively.

A. **CAFRA Applies.**

First, CAFRA applies here, CAFRA applies to "any forfeiture proceeding commenced on or after" August 23, 2000, 120 days after CAFRA was signed into law. Pub. L. No. 106-185, §21, 114 Stat. at 225 (codified at 8 U.S.C. §1324 (note)); *United States v. One "Piper" Aztec "F" De Luxe Model* 250 PA 23 Aircraft Bearing Serial No. 27-7654057, 321 F. 3d 355, 257-358 (3d Cir. 2003). The government commenced its judicial forfeiture action in December 2001, after CAFRA's effective date.

Oriakhi correctly contends that the 1991 administrative forfeiture proceeding does not affect the determination of CAFRA's applicability. Administrative forfeitures set aside for inadequate notice are void. *United States v. One Toshiba Color Television,* 213 F. 3d 147, 156 (3d Cir. 2000). A void judgment "is one which, from its inception, was a complete nullity and without legal effect." *Raymark Industries, Inc. v. Lai,* 973 F. 2d 1125, 1132 (3d Cir. 1992). Relying on the date of inception of the administrative proceeding to determine CAFRA's applicability would improperly give some "legal effect" to a void proceeding. Further, legislative history indicates that "for purposes of the effective date provision, the date on which a forfeiture proceeding is commenced is the date on which the first administrative notice of forfeiture relating to the seized property is sent." 146 Cong. Rec. H2040, H2051 (daily ed. April 11, 2000) (statement of Rep. Hyde). In this case, no constitutionally adequate notice was ever sent, and therefore the administrative proceeding never legally "commenced"

6

at all.

The United States does not dispute this point but argues instead that the relevant proceeding for determining CAFRA's applicability is Oriakhi's 1997 action to set aside the administrative forfeiture. This argument runs counter to the plain language and legislative history of the effective date provision. The effective date provision states that CAFRA applies to "any *forfeiture* proceeding commenced on or after" August 23, 2000, 120 days after CAFRA was signed in law. 8 U.S.C. §1324 (note) (emphasis added). Only the government may initiate forfeiture proceedings. If anything, Oriakhi's motion to recover property in 1997 was an *anti*-forfeiture proceeding.[3] Also, as noted above, legislative history provides that "for purposes of the effective date provision, the date on which a *forfeiture proceeding* is commenced is the date on which the *first administrative notice of forfeiture* relating to the seized property is sent." 146 Cong. Rec. H2040, H2051 (daily ed. April 11, 2000) (statement of Rep. Hyde) (emphases added). This statement indicates that the statutory term "forfeiture proceeding" refers to the government's action to forfeit property, not any subsequent action by a claimant to set aside an administrative forfeiture.

---

[3]Section 983 clearly distinguishes between forfeiture proceedings — which, by definition, may only be initiated by the government — and motions, like Oriakhi's motion, to set aside declarations of forfeiture. *See* 18 U.S.C. § 983 (e)(1) (providing that any "person entitled to written notice in any nonjudicial civil *forfeiture proceeding* under a civil forfeiture statute who does not receive such notice may file a *motion* to set aside a declaration of forfeiture") (emphases added).

7

**B. The Limitations Period at Subsection 983(e)(2)(B)(ii) Does Not Apply.**

Oriakhi wins the battle concerning CAFRA's applicability, but ultimately loses, the war because the limitations period at § 983(3)(2)(B)(ii) does not apply to this case. This section provides that if the district court grants a motion brought under § 983(e)(1) to set aside an administrative declaration of forfeiture based on inadequate notice, the government must commence a subsequent judicial forfeiture proceeding within six months of the entry of the order granting the § 983(e)(1) motion. See 18. U.S.C. § 983(e)(2)(B)(ii).[4] Oriakhi argues that

_____

[4]  The full text of 18 U.S.C. § 983(e) is as follows:

e)  Motion to set aside forfeiture.--

(1)  Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if–

(A)  the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and

(B)  the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

(2)(A) Notwithstanding the expiration of any applicable statue of limitations, if the court grants a motion under paragraph (1), the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party.

(B)  Any proceeding described in subparagraph (A) shall be commenced–

(i)  if nonjudicial, within 60 days of the entry of the order granting the motion; or

(ii)  if judicial, within 6 months of the entry of the order granting the motion.

(3)  A motion under paragraph (1) may be filed not later than 5 years after the date of final publication of notice of seizure of the property.

(4)  If, at the time a motion made under paragraph (1) is granted, the forfeited property as been disposed of by the Government in accordance with law, the Government may institute proceedings against a substitute sum of

8

the government missed the six-month deadline by more than a year because the order setting aside the forfeiture was entered in August 1999 and the government waited until December 2001 to commence judicial forfeiture proceedings.

However, the government correctly argues that subsection 983(e)(2) does not apply here because subsection 983(e)(1) was never invoked. The language of the statute plainly indicates that the limitations periods provided in § 983(e)(2)(B) apply only to a "subsequent forfeiture proceeding" described in § 983(e)(2)(A), and that such a proceeding is only authorized if a motion brought under § 983(e)(1) is granted by the court. Thus, the six-month limitations period at § 983(e)(2)(B)(ii) does not apply if a § 983(e)(1) motion is never made. Clearly, no § 983(e)(1) motion was made in this case. Rather, Oriakhi filed his motion under Fed. R. Crim. Pro. 41(e) in 1997, three years before CAFRA was enacted. Thus, even though CAFRA applies to this case for the reasons discussed above, the six-month limitations period at § 983(e)(2)(B)(ii) does not.

Oriakhi implies that because he obtained the relief authorized by § 983(e)(1), albeit before that section existed, the limitations period at § 983(e)(2)(B)(ii) ought to apply. Oriakhi offers neither argument nor support for this position. The Supreme Court has explained that

money equal to the value of the moving party's interest in the property at the time the property was disposed of.
(5)    A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute.

9

the plain meaning of a statute is conclusive "except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafter." *United States v. Ron Pair Enters.,* 489 U.S. 235, 242 (1989) (internal quotations omitted).  There is no reason to think that Congress intended the limitations periods by § 983(e)(2)(B) to apply to a case where § 983(e)(1) does not - and could not - apply.

## IV. Conclusion

For the reasons stated above, we will affirm the judgment of the District Court.