

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-16-2006

# Morgan v. Gay

Precedential or Non-Precedential: Precedential

Docket No. 06-8045

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Morgan v. Gay" (2006). *2006 Decisions.* Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

THE UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

Case No: 06-8045

SARAH MORGAN, on behalf of herself
and all others similarly situated

v.

DENNIS W. GAY; GINA GAY; BASIC RESEARCH,
L.L.C.;
BAN, L.L.C.; KLEIN-BECKER, USA L.L.C.;
COVAXIL LABORATORIES, L.L.C.; CARTER-REED
COMPANY, L.L.C.,
a/k/a THE CARTER-REED COMPANY; A.G.
WATERHOUSE, L.L.C.;
ALPHAGENBO TECH, L.L.C.; BODY FORUM, L.L.C.;
BODY INNOVENTIONS, L.L.C.; COVARIX, L.L.C.;
BYDEX MANAGEMENT, L.L.C.; NUTRASPORT, L.L.C;
SOVAGE DERMALOGIC LABORATORIES, L.L.C.;
WESTERN HOLDING, L.L.C.; GEORGE EVAN BYBEE;
DANIEL B. MOWREY, Ph.D; NATHALIE CHEVREAU,
Ph.D;
MITCHELL K. FRIEDLANDER; MICAHEL MEADE,

Petitioners

On Appeal from the United States District Court

for the District of New Jersey
District Court No.-06-cv-01371
District Judge: The Honorable Garrett E. Brown, Jr.

————————————

Submitted September 7, 2006

Before: BARRY, SMITH, and NYGAARD, *Circuit Judges*


(Filed:  October 16, 2006)

Counsel:    Walter H. Swayze, III
Christian H. Gannon
Robert J. Kenney
Maria C. Carlucci
Segal McCambridge Singer & Mahoney, LTD.
830 Third Ave., 4th Floor
New York, NY 10022

John M. Agnello
Kerrie Heslin
Carella, Byrne, Bain, Gilfillian, Cecchi, Stewart
    & Ostein
5 Becker Farm Rd.
Roseland, NJ 07068
*Counsel for Petitioner*

Jeffrey I. Carton
Jill C. Owens

2

Barry B. Cepelewicz
Meiselman, Denlea, Packman, Carton & Eberz,
    PC
1311 Mamaroneck Ave.
White Plains, NY 10605
*Counsel for Respondent*

---

OPINION

---

SMITH, *Circuit Judge*.

I.

This appeal raises what is an issue of first impression in this Circuit: whether a statutory provision from the Class Action Fairness Act (CAFA), Pub.L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.), will be read according to the uncontested intent of Congress rather than as it is literally (but mistakenly) written.

The underlying action was filed by New Jersey purchasers of the skin cream Stri Vectin-SD in the Superior Court of New Jersey, alleging false advertising and other claims. In March 2006, Defendants removed the action to federal court. Plaintiffs sought remand back to Superior Court and, in an order entered August 7, 2006, the District Court granted the motion

for remand to the state court, concluding that it lacked removal jurisdiction. On August 16, 2006, seven days later (excluding weekends and holidays[1]), Defendants filed the instant petition for leave to appeal under 28 U.S.C. § 1453(c). This provision of CAFA states that a court of appeals "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals *not less than 7 days after entry of the order*." 28 U.S.C. § 1453(c)(1) (emphasis added).

## II.

Section 1453(c)(1), by using the phrase "may accept an appeal," provides this Court discretion as to whether we should grant the petition. We therefore exercise jurisdiction pursuant to 28 U.S.C. § 1453. One of the key factors we examine to determine whether to grant the request is the seven day timing requirement. Because this issue involves a question of statutory interpretation, our review is plenary. *See E.I. DuPont De*

---

[1]Fed. R. App. P. 26(a) applies to § 1453(c)(1), so that weekends and holidays are excluded when counting the seven days. *See Miedema v. Maytag Corp.,* 450 F.3d 1322, 1326 (11th Cir. 2006) (excluding the weekend); *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1146 (9th Cir. 2006)*; Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 368 n.1 (5th Cir. 2006) (citing *Amalgamated*).

*Nemours and Co. v. United States*, 460 F.3d 515, 528 (3d Cir. 2006).

III.

The issue that we now address is whether 28 U.S.C. § 1453(c)(1), which states that a federal appellate court "may accept an appeal" from a remand order "if application is made to the court of appeals not less than 7 days after entry of the order," should be interpreted by this Court to mean "not *more* than 7 days after entry of the order." Because the uncontested legislative intent behind § 1453(c) was to impose a seven-day deadline for appeals, we conclude that the statute as written contains a typographical error and should be read to mean "not more than 7 days."

A court's primary purpose in statutory interpretation is to discern legislative intent. *See Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001) ("The role of the courts in interpreting a statute is to give effect to Congress's intent."). "The plain meaning of legislation should be conclusive, except in [] rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. In such cases, the intention of the drafters, rather than the strict language, controls." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (citation and quotation omitted). At some point in the legislative process, legislative intent for a particular statute exists. As a point of fact, there can be multiple legislative intents because hundreds of men and women must

5

vote in favor of a bill in order for it to become a law. *See* Caleb Nelson, *What is Textualism?*, 91 VA. L. REV. 347, 370 (2005) (stating the textualist position that "the typical statute enacted by Congress does not authoritatively reflect any collective intent on policy goals that transcend its own terms"). For the vast majority of ambiguous statutory provisions, then, relying on legislative history to discern legislative intent should be done with caution, if at all. This principle becomes even stronger when the judiciary seeks to read an unambiguous statutory term as its own antonym. *See United States v. One "Piper"' Aztec "F" De Luxe Model 250 PA 23 Aircraft Bearing Serial No. 27-7654057*, 321 F.3d 355, 359 (3d Cir. 2003) (stating that "[o]ur task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive") (quoting *Negonsott v. Samuels*, 507 U.S. 99, 104 (1993)). However, in that rare instance where it is uncontested that legislative intent is at odds with the literal terms of the statute, then a court's primary role is to effectuate the intent of Congress even if a word in the statute instructs otherwise.

Section 1453(c)(1) is one such rare instance. The only piece of legislative history to discuss this section at length states that:

> The purpose of this provision is to develop a body of appellate law interpreting the legislation without unduly delaying the litigation of class actions. As a general matter, appellate review of

orders remanding cases to state court is not permitted, as specified by 28 U.S.C. 1447(d). New subsection 1453(c) provides discretionary appellate review of remand orders under this legislation but also imposes time limits. Specifically, parties must file a notice of appeal *within seven days* after entry of a remand order.

S. Rep. 109-14, at 49 (2005) (emphasis added). This intention to prevent undue delay can be seen not only in the statute's legislative history, but also in § 1453(c)(2), which instructs an appellate court that it must dispose of the appeal within 60 days.

In addition to legislative history, the deleterious implications of applying § 1453(c)(1) as written also provides evidence of a typographical error by Congress. As written, § 1453(c)(1) would grant plaintiffs and defendants the ability to potentially abuse the litigation process because the party who loses on the district court's remand ruling could strategically wait to appeal the remand decision at any time pre-trial. Because the pre-trial stage of class action cases usually lasts many months or even years, and because many pre-trial rulings set the stage for how the trial will play out, extending the § 1453(c)(1) appeal through this entire process contravenes the uncontested intent of the statute.

The Eleventh Circuit in *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006), makes a similar point. If the statute is applied as written, "there would be a front-end waiting period

7

(an application filed 6 days after entry of a remand order would be premature), but there would be no back-end limit (an application filed 600 days after entry of a remand order would not be untimely)." *Id*. at 1326. *See also Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Servs., Inc.*, 435 F.3d 1140, 1146 (9th Cir. 2006) (stating that the result would be "entirely illogical" if a court "requir[ed] a party to wait seven days before seeking to appeal an order granting or denying a motion to remand, and then allow[ed] that party to seek appellate review at any time in the future after the period has passed").

It should come as no surprise that all three circuits to have examined this question have also found that § 1453(c)(1) should not be literally applied. *See Amalgamated,* 435 F.3d at 1146; *Miedema*, 450 F.3d at 1326; *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 n.2 (10th Cir. 2005) ("Given Congress' stated intent to impose time limits on appeals of class action remand orders and the limited availability of appeals prior to the statute's enactment, we can think of no plausible reason why the text of [the] Act would instead impose a seven-day waiting period followed by a limitless window for appeal.").

This Court does not need to step into a statutory interpretation debate over the role of legislative history and congressional intent to conclude that § 1453(c)(1) needs common sense revision that accurately reflects the *uncontested* intent of Congress. Judge Harold Leventhal has been famously quoted as saying that citing legislative history is like "looking

over a crowd and picking out your friends."[2]  In the case of §
1453(c)(1), however, the crowd speaks with one voice.  We
therefore read "not less than" as "not more than" in accord with
the intent of Congress.

---

[2]Patricia M. Wald, *Some Observations on the Use of
Legislative History in the 1981 Supreme Court Term*, 68 Iowa
L. Rev. 195, 214 (1983) (attributing the quote).