NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3183
_____

JOHN R. DALEY, JR.,
a/k/a John Pickering-George,
a/k/a John T. Piquin-George,
a/k/a John T. George,
Appellant

v.

U.S. DISTRICT COURT, DISTRICT OF DELAWARE;
U.S. DISTRICT COURT, SOUTHERN DISTRICT OF TEXAS;
UNITED STATES ATTORNEY OFFICE

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 09-cv-00218)
District Judge:  Honorable Joseph J. Farnan, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 8, 2010

Before:  McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed: June 7, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

John R. Daley, Jr. appeals the order of the United States District Court for the District of Delaware ("Delaware District Court") dismissing his civil rights complaint. Upon consideration of the record, we conclude that the appeal does not present a substantial question. Therefore, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In May 2004, Daley filed a complaint in the United States District Court for the Southern District of Texas ("Texas District Court"), seeking the return of $300,000 allegedly seized in 1991 by agents of the Drug Enforcement Administration at an airport in Houston, Texas. He also sought $14,890 in interest and attorneys' fees. The Texas District Court concluded that Daley's claims were barred by the applicable statute of limitations and dismissed the complaint as frivolous under § 1915(e)(2)(B)(i). See Daley v. United States Drug Enforcement Administration, Civ. No. H-04-1914 (S.D. Tex. May 24, 2004). Daley's appeal was dismissed in July 2007 for failure to pay the docketing fee.

Daley filed the present complaint in March 2009, arguing that the seizure of the money was "defective" because he did not receive "notice [or] a hearing before the issuance of warrants seizing real property." He requested that the Delaware District Court "set aside the forfeiture declaration and order [the DEA] either to return the

2

property . . . or commence judicial forfeiture" proceedings.[1]  To support his allegations, Daley sought discovery and in camera inspection of documents related to the seizure. Daley named as defendants the Delaware District Court, the Texas District Court, and unspecified United States Attorneys Offices.  The District Court dismissed the complaint pursuant to § 1915(e)(2)(B), concluding the defendants were immune from suit, see Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994), and that his complaint duplicated the allegations made in the Texas District Court proceedings, see Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  Daley appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the Delaware District Court's sua sponte dismissal.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may affirm on any basis supported by the record.  See Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).  Because we have granted Daley in forma pauperis status pursuant to 28 U.S.C. § 1915, we must dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B) if it lacks an arguable basis in fact or law.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  We may summarily affirm if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

The statute of limitations for Daley's claims, as for claims arising under 42 U.S.C.

---

[1] We construe Daley's claims as being brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  See Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998) (observing that Appellant's motion for the return of seized property presented the facts necessary for a Bivens action).

§ 1983, is borrowed from the forum state's personal injury statute. See Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988). Daley's cause of action accrued in Texas, which employs a two-year personal injury statute of limitations.[2] See Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); Cooper v. Brookshire, 70 F.3d 377, 380 n.20 (5th Cir. 1995). Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, Daley is contesting the validity of the original seizure of his property in 1991. It is therefore apparent from the face of Daley's complaint that the two-year statute of limitations expired well before he filed the present action in 2009.[3] We agree that any amendment to Daley's complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . .

---

[2] The statute of limitations for personal injuries in Delaware is also two years. See 10 Del. Code Ann. § 8119; McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996).

[3] Even if we construed Daley's complaint as a civil action in equity, see United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc), it would be untimely. See Menkarell v. Bureau of Narcotics, 463 F.2d 88, 91 (3d Cir. 1972) (holding that the forfeiture of property by the United States without proper notice is subject to a six-year limitation period); cf. United States v. One "Piper" Aztec, 321 F.3d 355, 359 (3d Cir. 2003) (concluding that Civil Asset Forfeiture Reform Act, which sets forth a five year statute of limitations, "does not apply retroactively to civil forfeiture proceedings commenced before August 23, 2000.").

4

unless it would be inequitable or futile").  Because Daley's appeal presents no substantial

question, we will summarily affirm.[4]  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.

---

[4] Daley's Motions for Transcripts and his "Motion in General, Application for Relief" are denied.